14 501
49 493

ALICE MATILDA PORÉE *v.* CAPTAIN CANNON et als.

In a suit brought against the captain and owners of a steamboat, to recover damages for loss or injury arising from the bursting of the boiler, the Act of Congress approved July 7th, 1838, entitled, " An Act to provide for the better security of the lives of passengers on board of vessels propelled, in whole or in part, by steam," should govern, and not Article 2299 of the Civil Code.

The 13th section of that Act, in such an action, throws the burden of proof upon the captain and owners of steamboats to show, that the explosion was not the result of negligence on their part, or those employed by them.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. *Singleton & Clack,* and *Geo. L. Bright,* for defendants and appellants.

MERRICK, C. J. The appeal in this case was taken in 1852, and the case, under the rules of the court, was placed upon the delay docket, from whence it has been recently removed by motion.

The suit was brought to recover one thousand dollars damages for the loss of a slave killed by the memorable and disastrous explosion of the steamboat Louisiana, in November, 1849.

The very learned and able judge (now deceased) who presided over the Fourth District Court at that time, rendered judgment in November, 1851, in favor of plaintiff, for the sum of nine hundred dollars, and interest from judicial demand.

The defendants appealed.

The relationship of the bailor and bailee, as in the case of a common carrier, did not exist between these parties. The negro was at the time employed at the scales of another steamboat, about thirty feet distant, weighing freight. He received an injury in his side, and his nostrils were filled with hot ashes, or some substance carried by the steam. He was insensible, and in that condition taken to the hospital, where he died the next day.

The argument of defendants' counsel may be resolved into two propositions, to-wit:

1st. That there is no proof of any fault or negligence on the part of the defendants, or any of the officers of the boat.

2dly. If it be proven in any manner, that the explosion was attributable to the engineers, or persons having charge of the boilers and engine, still, as the captain has no power over the engineer, and as he provided competent officers, he cannot be held responsible under Article 2299 of the Civil Code, because he could not have prevented the act which caused the damage.

The proof is, that at the time of the explosion, (which seems to have been the moment the boat was leaving, or on the point of leaving the wharf) the engines were under the charge of the second engineer, a sober, careful man, who was killed by the explosion. That the first engineer had been transacting some business in the city, and was to join the boat at the Stock Landing in Jefferson City; that the boilers had been inspected within the six months preceding, and would have passed inspection the day of the explosion, although one of the boilers had been taken out of another boat, and the others were five or six years old.

On this state of facts, it is urged that recent experiments have demonstrated that an explosive something, probably electricity, is generated in the steam boiler, which no care can prevent, and that it is a fallacy to attribute explosions to care-

lessness, simply because the explosion occurred, and that all presumptions ought to be so based upon well established and well known facts, as to admit of no reasonable doubt of their correctness.

In the unsatisfactory state of science on the subject of the explosions of steam boilers, were it left to us to settle the question of presumptions arising therefrom, we might feel some embarrassment. But even then, we think it might be safely assumed, that where steam boilers and engines are properly constructed, of good materials and proper strength, and are managed with that prudent and reasonable care which the powerful agent employed requires, they will not explode; and that if a well authenticated instance can be given, where a steam boiler with sufficient strength and carefully managed has exploded, it will prove such a rare exception, as not to render the rule so doubtful or uncertain as to be an unsafe guide in considering these questions. The long period of prosperity and freedom from explosions which followed the passage of the Act of Congress of 1852, and the comparative security of steamboats constructed and managed under the regulations of the French Government, in that country, give great weight to this inference.

Aside from the single fact, that the second engineer was a sober, careful man, the proof in this case creates a probability that the accident was the result of a want of water under the action of two much heat, and consequently negligence on the part of the officers of the boat.

It is shown that the head of the " chock joint" forming the connection between two boilers, was burnt out about two feet in length; "a part of one of the *boilers* was in a collapsed state ; the other flue, that is, the whole length of the cylinder was also collapsed, and a portion of it torn" ; the upper side of the portion of the boiler thrown some hundred and fifty feet into Canal street, had indentations apparently corresponding with the rivets of the other boiler; the flue also retained a bluish color. The engineers who examined the fragments of the boilers and flue left, judging from these indications, gave it as their opinion, that the explosion was occasioned by a want of water and the great heat of the boilers.

At the time this accident occurred, the Act of Congress, approved July 7, 1838, was in force. By the thirteenth section of the Act, the burden of proof is upon the defendant, to show that there was no negligence on his part, or those employed by him. It is in these words :

" Sec. 13. Be it enacted, That in all suits and actions against proprietors of steamboats, for injuries arising to person or property from the bursting of the boiler of any steamboat, or the collapse of a flue, or other injurious escape of steam. *the fact of such bursting, collapse or injurious escape of steam, shall be taken us full prima facie evidence*, sufficient to charge the defendant, or those in his employment, with negligence, until he shall show that no negligence has been committed by him, or those in his employment." 5th vol. Statutes at Large, p. 306.

The defendant has not rebutted the presumption resting upon him under this Act, and if it be law applicable to the case, he is left without a defence. This Act was not brought to the notice of the learned counsel for the defence, at the argument of the case, but we suppose the power of Congress over the subject, will not be questioned. If so, Congress had the right to declare what consequences should arise from a presumed violation of the requirements of the Act. A citizen of Louisiana, who takes upon himself an employment regulated by the laws of Congress, cannot claim an exemption from the rules prescribed by the

Porée
v.
Cannon.

same, and that his case shall be decided by the State laws. Article 2299 of the Civil Code is not, therefore, the law governing this case, and it is needless to inquire whether the defendant, as captain or owner, could have prevented the injury.

Judgment affirmed.